FILED
MAY 2 3 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CERTIFIED COPY

NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted March 29, 2007*
Decided April 3, 2007

Before

Hon. FRANK H. EASTERBROOK, Chief Judge

Hon. JOEL M. FLAUM, Circuit Judge

Hon. TERENCE T. EVANS, Circuit Judge

| | |
|---|---|
| No. 06-3416 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| PRINCE FORYOH, *Plaintiff-Appellant,* | |
| v. | No. 06 C 1131 |
| RONALD BANAS, *Defendant-Appellee.* | David H. Coar, *Judge.* |

**Order**

After he was convicted of harassment by telephone, see 135 ILCS 135/101, Prince Foryoh filed this suit under 42 U.S.C. §1983 against the officer who arrested him, contending that the officer lacked probable cause and employed excessive force. The district court initially permitted Foryoh to proceed *in forma pauperis* but later revoked that permission and dismissed the suit under 28 U.S.C. §1915(e)(2)(A) after concluding that Foryoh's financial affidavit was false.

In another of Foryoh's suits, his mother gave testimony to the effect that she provides about 90% of his support—including meals, car, college tuition, textbooks, and housing. Foryoh concedes that his mother has provided (and continues to provide) financial support but insists that she is extending loans rather than making

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

gifts. That is not how his mother characterized things, but like the district judge we need not resolve this intra-familial dispute. Foryoh did not report the value of these "loans" on his affidavit and other filings. In response to a question whether he had received more than $200 from any source in the preceding year, Foryoh neglected to mention his mother's assistance. So his application for leave to proceed *in forma pauperis* had a material omission and may well have been perjurious.

Foryoh must pay the full filing and docket fees for both the complaint in the district court and the appeal taken to this court. Moreover, by attempting to deceive the district court he has forfeited the privilege of proceeding *in forma pauperis* in any case until he had paid, in full, all outstanding fees and costs for all of his lawsuits. (There are several others.) See *Campbell v. Clarke*, No. 06-3138 (7th Cir. Apr. 2, 2007). Finally, for the reasons given in *Campbell*, we will enter an order under *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), to remain in force until all fees and costs, from all of Foryoh's federal suits, have been paid. In any application to this court to have the *Mack* order lifted, Foryoh must provide (under oath) a complete list of all of his federal suits and proof that all of his financial obligations with respect to these suits have been met.